## MELÉNDEZ *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Guayama.

No. 93.—Resuelto en mayo 17, 1911.

EXPEDIENTES POSESORIOS—MODO DE PRESENTAR LA PRUEBA—DECLARACIONES JURADAS.—De acuerdo con los artículos 390 y 391 de la Ley Hipotecaria, no derogados por ninguna ley posterior, la manera de presentar la prueba en los expedientes posesorios es compareciendo personalmente los testigos ante la corte que ha de dictar resolución en el expediente, única que tiene jurisdicción para recibir las declaraciones de los testigos, siendo ineficaces como medio de prueba las declaraciones juradas o *affidavits*.

Los hechos están expresados en la opinión.

El recurrente compareció en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El artículo 390 de la Ley Hipotecaria prescribe lo siguiente: "Para facilitar el cumplimiento del artículo anterior a los propietarios que carecieren de título escrito de dominio cualquiera que sea la época en que hubiera tenido lugar la adquisición, se les concede la facultad de inscribir su derecho, justificando previamente su posesión ante el juez de primera instancia del lugar en que estén situados los bienes, con audiencia del Ministerio Fiscal y citación de los propietarios colindantes, si trataren de inscribir el dominio pleno de alguna finca, y con la del propietario o la de los demás partícipes en el dominio, si pretendieren inscribir un derecho real etc."

"El artículo 391, prescribe: "En la instrucción del expediente a que se refiere el precedente artículo se observarán las siguientes reglas:

"Primera. El escrito en que se pida la admisión de la información expresará: 1. La naturaleza, situación, medida superficial, linderos, nombres y cargas reales de la finca cuya posesión se trate de acreditar.  2. La especie legal, valor, condiciones y cargas del derecho real de cuya posesión se trate, y

la naturaleza, situación, linderos y nombre, si lo tuviere, de la finca sobre la cual estuviere aquél impuesto.  3. El nombre y apellidos de la persona de quien se haya adquirido el inmueble o derecho.  4. El tiempo que se llevase de posesión.  5. La circumstancia de no existir título escrito, o de no ser fácil hallarlo en el caso de que exista.

"Segunda. La información se verificará con dos o más testigos, vecinos propietarios del pueblo o término municipal en que estuviesen situados los bienes."

Siendo ese el estado de la ley, Lucas Meléndez Alboy presentó el día 9 de febrero de 1911, al Registrador de la Propiedad de Guayama una orden de la corte municipal de Cayey en una información posesoria a que se refieren los artículos 390 y 391.  Los documentos presentados en el procedimiento muestran que ningún testigo compareció en persona ante el juez municipal de Cayey, pero en cambio, se presentaron tres declaraciones juradas que fueron juradas ante el juez de paz de Cidra.  No hubo discusión alguna con respecto a la suficiencia de la cuestión expresada en las declaraciones juradas, pero al ser presentada la orden al Registrador de la Propiedad de Guayama, denegó la inscripción de la misma por no haberse cumplido en el procedimiento con las disposiciones de la ley hipotecaria a que se ha hecho referencia y porque la facultad del juez municipal para recibir la prueba, es una que no puede delegarse.

Creemos que la resolución adoptada por el registrador está completamente de acuerdo con la ley.  Se alega que las disposiciones de la ley hipotecaria han sido derogadas por el cambio de procedimiento y especialmente por los artículos 123 y siguientes de la Ley de Evidencia.  El artículo 123, es cierto, expresa que hay tres modos de tomar declaración a los testigos, a saber: 1. Por *affidavit,* o declaración jurada; 2. Por deposición; 3. Por examen oral.  Pero los artículos 128 y 133, definen los casos en que puede hacerse uso de los *affidavits.*  Según el artículo 128 resulta claro que un *affidavit* es generalmente un procedimiento secundario o algo que sirve

de apoyo o comprobación para otros documentos o procedimientos o "expresamente permitido por alguna otra prescripción de esta ley o de cualquiera otra en Puerto Rico." *Expressio unius est exclusio alterius*. No existe ninguna prescripción legal referente a la presentación de una declaración jurada en informaciones posesorias.

No es necesario tratar de las disposiciones de la ley de evidencia porque entendemos que los artículos 390 y 391 de la Ley Hipotecaria resuelven la cuestión. Estos artículos nunca han sido derogados. Es la corte que ha de expedir la orden de la información posesoria la que debe recibir las declaraciones de los testigos. Ninguna otra corte tiene jurisdicción sobre la materia. No es bastante con que se diga que la corte municipal no tiene taquígrafo. El juez de esa corte puede no obstante escribir y archivar una exposición en la que manifieste que comparecieron ante él los testigos, presentando prueba de los hechos de acuerdo con la ley. Es otra garantía para la seguridad de los bienes, el hacer que los testigos comparezcan ante el funcionario que es responsable de la expedición de la orden en una información posesoria. Debe confirmarse la orden apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, del Toro y Aldrey.